United States District Court
Southern District of Texas
**ENTERED**
February 15, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANDRES ENRIQUE CANTU  Petitioner | § § § § | |
| vs. | § | CIVIL ACTION NO. M-15-555 |
| | § § | |
| LORIE DAVIS, DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE, C.I.D.  Respondent | § § § § | |

## **REPORT & RECOMMENDATION**

Petitioner, a state prisoner proceeding with counsel, filed an application for relief pursuant to 28 U.S.C. § 2254, with brief in support. (Dkt. Entry Nos. 1–2.) Pending before the Court is Respondent's Motion for Summary Judgment with Brief in Support. (Dkt. Entry No. 10.) This case is ripe for disposition on the record.

After careful review of the record and the applicable law, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment be **GRANTED**, Petitioner's claims under 28 U.S.C. § 2254 be **DISMISSED** with prejudice as time-barred, and this case be closed.

### **I. JURISDICTION**

The Court has jurisdiction over the subject matter and parties, as Petitioner was convicted in the 139th District Court of Hidalgo County, Texas. *See* 28 U.S.C. §§ 2241, 2254.

1

## II.  OVERVIEW

In 2010, Petitioner was convicted by a jury of two counts of continuous sexual abuse of a child under the age of 14.  (Dkt. Entry No. 1 at 1.)[1]  He was sentenced to two 50-year terms of imprisonment, to run concurrently.  (*Id.*)  He filed a direct appeal, and Texas's Thirteenth Court of Appeals affirmed the criminal judgment.  *Cantu v. State*, 2011 WL 3667450, at *10 (Tex. App.—Corpus Christi 2011, pet. ref'd) (not designated for publication).  Petitioner then filed a petition for discretionary review, which the Texas Court of Criminal Appeals ("TCCA") denied on June 13, 2012.  (Dkt. Entry No. 1 at 2.)

On September 3, 2013, Petitioner, proceeding with counsel, filed a state application for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  (*Id.* at 3.)  On August 20, 2014, the TCCA dismissed the state habeas application on the basis that it was noncompliant with Tex. R. App. P. 73.1, which sets forth the required format for state habeas applications.  (Dkt. Entry No. 2 at 19.)  On that same date, Petitioner filed a new state habeas application in order to cure the deficiency.  (*Id.* at 20.)  On January 7, 2015, the TCCA dismissed the second application as non-complaint under Rule 73.1 because Petitioner failed to include a statement indicating the total number of the words in the brief.  (*Id.* at 22.)  On January 8, 2015, Petitioner filed a third state habeas application in order to cure the deficiency.  (*Id.*)  On December 23, 2015, the TCCA denied relief on the merits without written order.  (*Id.* at 23.)  On December 23, 2015, Petitioner, through counsel, filed this instant federal action.  (*See* Dkt. Entry No. 1.)

---

[1] Page numbers refer to the electronically-assigned (PDF) page numbers via CM-ECF when the entire, relevant file is opened.

2

### III.  SUMMARY OF THE PLEADINGS

Petitioner raises the following claims in his application for relief.  First, he argues counsel was ineffective for failing to adequately investigate allegations that the mother of the children fabricated the abuse allegations in an effort to obtain lawful residency or citizenship in the U.S. and to get Petitioner out of her life because he refused to help perpetuate her criminal activities, such as passing counterfeit bills, drug smuggling, and human smuggling. (Dkt. Entry No. 1 at 5.)  Second, Petitioner asserts he received ineffective assistance of counsel because trial counsel exhibited signs of cognitive impairment during the criminal proceedings, possibly due to the use of pain medications in connection to a recent medical procedure. (*Id.* at 7.)  Third, Petitioner argues counsel rendered ineffective assistance because he failed to adequately prepare for the sentencing phase, which included failing to show up for the first scheduled sentencing hearing, being unaware that a PSR had been prepared when he attended the rescheduled sentencing hearing, and failing to present any mitigation evidence. (*Id.* at 8.) Fourth, Petitioner argues that counsel rendered ineffective assistance by failing to object to the jury instructions, which failed to explain that the jury had to be unanimous as to each victim and allowed Petitioner to be twice put in jeopardy. (*Id.* at 10;  Dkt. Entry No. 2 at 14.)

Petitioner also addresses the timeliness of his petition. (*E.g.,* Dkt. Entry No. 2 at 26–34.) Petitioner explains that he was delayed in bringing his federal claims because the TCCA kept dismissing his state habeas applications based on unfair or mistaken conclusions that Petitioner failed to comply with Rule 73.1. (*Id.* at 27–33.)  Petitioner also points out that the state habeas applications were accepted by the trial court, District Attorney, and clerk of the court without notice

that the applications were deficient and that each application remained docketed, but unaddressed and unresolved, for lengthy periods of time before being dismissed for non-compliance. (*See id.*)

In its Motion for Summary Judgment, Respondent argues that Petitioner's claims are barred by the statute of limitations under the Antiterrorism Effective Death Penalty Act ("AEDPA"), that Petitioner does not qualify for statutory tolling because the state habeas applications were not "properly filed," and that Petitioner does not qualify for equitable tolling. (Dkt. Entry No. 10 at 4–10.) Petitioner filed a late response to the motion for summary judgment, which the undersigned has considered in issuing this Report. (Dkt. Entry No. 11.)

## IV. RELEVANT LAW & CONCLUSIONS

### AEDPA's Statute of Limitations

AEDPA's statute of limitations applies to Petitioner's application. *See Flanagan v. Johnson*, 154 F.3d 196, 199–200 (5th Cir. 1998) (stating that AEDPA applies to all habeas petitions filed after the Act's effective date, April 24, 1996).

AEDPA establishes a one-year statute of limitations for state prisoners seeking relief under 28 U.S.C. § 2254. The limitations period is codified at 28 U.S.C. § 2244(d)(1) as follows:

> 1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also contains a statutory tolling mechanism, which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The undersigned finds that certain subsections under § 2244(d)(1) are inapplicable in this case. First, Petitioner's claims are not based on a constitutional right that was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Second, the record supports the conclusion that the factual predicate of Petitioner's claims was immediately apparent because his claims concern counsel's performance. Third, Petitioner does not allege that improper state action impeded him from filing a timely petition.

Thus, the only relevant limitation provision is § 2244(d)(1)(A)—the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Petitioner's petition for discretionary review was denied by the TCCA on June 13, 2012. The criminal judgment became final within the meaning of AEDPA no later than September 11, 2012, which marked the close of the 90 day window for filing a petition for writ of certiorari under Supreme Court Rule 13.1. That triggered the running of AEDPA's one-year window, which closed a year later on September 11, 2013.

Petitioner filed his first state habeas application on September 3, 2013, just 8 days before the close of AEDPA's one-year window. He filed two more applications for state habeas relief after that.

The next relevant inquiry is whether any of Petitioner's state applications statutorily tolled AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(2) (explaining that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection'). A state habeas application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These procedural laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* Rule 73.1 of the Texas Rules of Appellate Procedure explains that a state habeas application "must be made in the form prescribed by the Court of Criminal Appeals." Tex. R. App. P. 73.1. Under Texas law, compliance with the requirements of Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims. *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006). The TCCA makes the final decision whether the application complies with all filing requirements and whether to grant or deny the application. *See* Tex.Code Crim. Proc. Ann. art. 11.07.

The undersigned finds that Petitioner's first and second state applications were not "properly filed" because the TCCA dismissed them for noncompliance with Tex. R. App. P. 73.1. *See Artuz*, 531 U.S. at 8 ( "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *see also Broussard v. Thaler*, 414 F. App'x 686, 688, 2011 WL 701227, at *3 (5th Cir. 2011) (concluding that the prisoner's habeas application under Article 11.07 was not properly filed because the TCCA dismissed the application for failing to comply with Rule 73.1 and, as such, did not toll AEDPA's statute of

6

limitations); *Wickware v. Thaler*, 404 F. App'x 856, 858, 2010 WL 5062314, at *2 n.2 (5th Cir. 2010) (unpublished) (noting that unpublished panel decisions from the Fifth Circuit illustrate persuasively that, as a general rule, the state prisoner must comply with the required habeas format set forth in the Texas Rules of Appellate Procedure in order to meet the "properly filed" requirement for statutory tolling under AEDPA). Because Petitioner's initial application was not "properly filed," it did not statutorily toll AEDPA's statute of limitations. Also, Petitioner's second and third state applications did not statutorily toll AEDPA's statute of limitations because they were filed after the expiration of AEDPA's one-year window. *See, e.g.*, *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (explaining that it is well-settled that statutory tolling is not available if a Texas prisoner files his state habeas application after the one-year window under AEDPA has expired). As a result, Petitioner's federal habeas claims are untimely under AEDPA because he failed to file them by the close of AEDPA's one-year window—that is, by September 11, 2013.

**Equitable Tolling**

Because the statute of limitations in AEDPA is not a jurisdictional bar, the doctrine of equitable tolling may apply to an untimely petition or claim. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court of the United States has stated that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Only "reasonable diligence," not "maximum feasible diligence," is required. *Id.* at 653. Equitable tolling is considered on a case-by-case basis. *Id.* at 649.

"A garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Although equitable tolling is determined on a case-by-case basis, it "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id*. at 401–02 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The decision to invoke equitable tolling is left to the discretion of the district court, and such decisions are reviewed only for abuse of discretion. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

The undersigned concludes that Petitioner fails to demonstrate any circumstances that warrant equitable tolling. Petitioner argues he could reasonably predict how the TCCA would dispose of his state applications. He points out that his state applications were accepted by the District Clerk, the District Attorney, the District Court with no notice of deficiency for many months. Then, the TCCA dismissed the first two applications for non-compliance, after they had been transmitted to the TCCA under the state procedural rules and Article 11.07 of the Texas Code of Criminal Procedure. *See also Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967) (discussing the procedure). The first application was deemed non-compliant under rule 73.1 because it presented more than one issue per page.[2] The second application was deemed non-compliant under Rule 73.1 because it failed to count the words in the supporting brief. (*Id.* at 22.) Petitioner argues that the "word count" requirement is a new addition to Rule 73.1, and he contends that the

---

[2] Petitioner states that he filed a motion for reconsideration of that dismissal, in which he argued that it is not feasible to raise a claim of ineffective assistance of counsel, and do so on "one page" of the state application, without inevitably presenting a second "issue" or claim within it (a "claim within a claim," so to speak) in an effort to sufficiently allege and explain how counsel's performance was deficient under *Strickland v. Washington*. (Dkt. Entry No. 2 at 19–20.) Petitioner states that the TCCA denied his motion for reconsideration on January 5, 2015. (*Id.* at 20.)

amended rule states that the TCCA "may" dismiss for failure to include a word count, but does not *require* the TCCA to dismiss the application if there is no word count. (*Id.* at 22.) The undersigned has also considered Petitioner's (untimely) response to the motion for summary judgment. (Dkt. Entry No. 11.)

The undersigned finds that these are not extraordinary circumstances. *See, e.g.*, *Holland*, 560 U.S. at 649 (explaining that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing that some extraordinary circumstance stood in his way). The undersigned notes that the two-step review process under Article 11.07, whereby the state habeas application is filed in and assessed by the trial court then transmitted to the TCCA for final disposition, as well as the attendant procedural rules found in the Texas Rules of Appellate Procedure, apply to all state habeas petitioners filing petitions under Article 11.07, and Petitioner's complaints about the process and his experience with it are quite typical and not "extraordinary" in any sense. *See Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (finding unpersuasive, for the purposes of tolling, the prisoner's complaints about Texas's state habeas procedure, such as the uncertainty and slowness of the process); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (explaining that "proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim"). Relatedly, Petitioner was responsible for complying with the state procedural rules—no matter how challenging it was. Not only were Petitioner's state applications deemed non-compliant on two occasions, but the TCCA deemed the first and second applications non-complaint for entirely different reasons under Rule 73.1. This shows that Petitioner contributed significantly to the non-compliance and delay about which he now complains. *See Larry*, 361 F.3d at 897 (pointing out that the prisoner was the primary cause of the resulting untimeliness of his federal habeas claims). Any

9

delay resulting from the D.A.'s Office failure to timely answer or from the trial court's allegedly dilatory transmission of the application to the TCCA do not amount to extraordinary circumstances to the extent they are not the underlying cause for the delay and did not stand in Petitioner's way; instead, the consequential delay in this case originated with Petitioner because he did not submit applications that complied with Rule 73.1. *See id.* The foregoing factors and considerations weigh against equitable tolling. *See Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *see also Holland*, 560 U.S. at 652 (explaining that a "garden variety claim" of attorney mistakes or negligence does not justify equitable tolling, only "serious instances of attorney misconduct" might warrant it); *Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) (giving "abandonment by counsel" as an example of extreme misconduct in the context of equitable tolling).

Petitioner also argues that "any reasonable person in Cantu's position would have no reason to believe that the original state writ application was deficient even after it was dismissed" because, from his point of view, he did not raise more than "one issue" per page; instead, he was attempting to nestle a constitutional violation or trial error within a single, broader claim of ineffective assistance of counsel. (*See* Dkt. Entry No. 2 at 29–30.) The undersigned does not find this characterization to be very accurate. The state court records reflect that, on the "one page" available for Ground 3, Petitioner alleged "ineffective assistance of counsel" and a "denial of due process" under the U.S. and Texas Constitutions, and, on the "one page" for Ground 4, he alleged "ineffective assistance of counsel," "Double Jeopardy violation," and a "denial of due process" under the U.S. and Texas Constitutions. (Dkt. Entry No. 9-5 at 10–11.) The undersigned is not persuaded by Petitioner's argument that he "would have no reason to believe that the original state writ application

10

was deficient" for alleging more than one issue per page, given that he appears to allege two free-standing constitutional claims on one page for Ground 3 and three free-standing constitutional claims for Ground 4. The undersigned is not convinced—for the purposes of this equitable-tolling analysis only— that, in order to raise a claim of ineffective assistance of counsel, Petitioner was required to present the other various constitutional violations for Grounds 3 and 4 in the manner he did. Nor is the undersigned persuaded by Petitioner's argument that the TCCA's dismissals of his first and second state habeas petitions under Rule 73.1 were so extraordinary and unfair to Petitioner as to weigh in favor of or justify equitable tolling, particularly considering that Petitioner played a role in the pleading defects and, at the same time, left no room for error because he waited so long to file his initial state habeas application (as discussed below).

Even if Petitioner could demonstrate "extraordinary circumstances," Petitioner must still demonstrate he was reasonably diligent in order to qualify for equitable tolling. *See Holland*, 560 U.S. at 649 (explaining that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently). As correctly pointed out by Respondent, Petitioner took no action to pursue his rights in state court until 8 days before the expiration of AEDPA's one-year window. Petitioner does not provide a persuasive explanation for this. (*See* Dkt. Entry No. 2 at 26–34; Dkt. Entry No. 11.) Petitioner asserts that habeas counsel conducted a thorough investigation of the case, including hiring an investigator, interviewing witnesses, and reviewing the extensive record, and then counsel prepared the state writ. (*Id.* at 27.) Petitioner asserts that, "[a]lthough the time consumed by the independent investigation and briefing was lengthy, when counsel filed Cantu's original state application for writ of habeas corpus he still had time left in his federal filing deadline." (*Id.*) The undersigned finds, however, that the process

11

of obtaining of post-conviction counsel and the time it took for counsel to prepare a state writ in this type of criminal case are not reasons that weigh in favor of a finding of reasonable diligence. *See Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) (explaining that the act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition). Petitioner argues that he was diligent in taking the steps necessary under state law to ensure the District Attorney answered the petition, such as filing an application for writ of mandamus, but the undersigned finds that has limited relevance to the equitable tolling analysis because it was Petitioner's failure to properly file the state applications on two separate occasions that goes to the heart of the matter—and that ultimately resulted in AEDPA's statutory tolling not being triggered. *See Larry*, 361 F.3d at 897 ("If Larry had 'properly filed' his state habeas application in accordance with Texas law the federal statute of limitations would have tolled for the entire period his application was pending before the state habeas courts."). The undersigned has also considered the fact that Petitioner very quickly filed new state habeas applications in response to the dismissed, noncompliant ones, but the undersigned finds that the record and Petitioner's circumstances as a whole do not support a finding of reasonable diligence.

In sum, equitable tolling is not warranted in this case due to the absence of both extraordinary circumstances and reasonable diligence.

### Actual Innocence

The undersigned concludes that Petitioner does not allege or demonstrate that he is actually innocent and may not avail himself of this exception to AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–33 (2013) (holding that a prisoner filing an initial federal habeas petition is not automatically barred under AEDPA's one-year statute of limitations

if the petitioner is able to make a showing of actual innocence, which requires a showing that "it is more likely than not, in light of new and reliable evidence, that no reasonable juror would have found the defendant guilty").

## V. CONCLUSION

In conclusion, Petitioner's claims are time-barred under AEDPA, and he does not qualify for equitable tolling or the actual-innocence exception.

### *Recommended Disposition*

After careful review of the record and the applicable law, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment be **GRANTED**, Petitioner's claims under 28 U.S.C. § 2254 be **DISMISSED** with prejudice as time-barred, and this case be closed.

The undersigned also respectfully recommends that the District Court issue a Certificate of Appealability on the issue of equitable tolling only. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c)).

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McAllen, Texas, this 15th day of February, 2017.

_____Dorina Ramos_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE